[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on October 23, 1993 in Danbury, Connecticut. By complaint dated March 3, 2000 the Wife instituted this action claiming a dissolution of marriage, alimony, counsel fees, a transfer of real property, an equitable division of the assets and other relief as law and equity might provide.
No children were born issue of this marriage. The Wife is age 42 and in good health. The Husband is age 36 and in good health. The parties separated on June 2, 1999.
Both parties are employed at the same jobs they had at the time of the marriage. During the marriage, the parties had one joint checking account into which their respective paychecks were deposited (they have divided and closed this account). Their assets prior to the marriage remained separate during the marriage. Neither party contributed to the others employment in any substantial way, nor did either party's employment become secondary to the others. Their career tracks are exactly the same today as they would have been whether or not the marriage had taken place. The marriage had to impact on the earnings or earning capacity of either party. Therefore, this court finds that the wife's claim for alimony, to compensate her for advancements she lost during the marriage is rejected. The Court further finds that the Wife's claim for a share of the stock options the Husband acquired during the marriage is rejected since she made no contributions to the Husband's career.
The court finds that the parties are equally responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent CT Page 1830-bd criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties.
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on January 31, 2001.
ALIMONY
Neither party shall pay alimony to the other, since they both are capable of supporting themselves.
MEDICAL INSURANCE
Each party shall be responsible for their own medical insurance coverage and any unreimbursed medical expenses.
LIFE INSURANCE
Bach party shall retain their own life insurance policies free and clear of any claim by the other.
REAL PROPERTY — MARITAL RESIDENCE
The Husband shall sign a Quit Claim Deed transferring to the Wife all of his right, title and interest to the martial home located at 54 Pin Pack Road, Ridgefield, Connecticut. The attorney for the Husband shall hold said deed in escrow until the Wife refinances the present mortgage on the property, thereby removing the Husband's name from the mortgage. If the Wife is unable to refinance said property within 90 days from the date of this decree, then both parties shall place the property for sale with a licensed real estate broker. The parties shall agree upon the listing price. If the parties are unable to agree upon a listing price, then the price shall be $515,000.00 (which amount was stipulated to by the parties as to the fair market value of the property as of the date of the dissolution). The parties shall accept any offer within 5% of the listing price. When the property is sold, the Wife shall retain all net proceeds from the sale. Until the property is sold, the Wife shall be solely responsible for all costs of maintaining the property, including, but not limited to the mortgage, taxes, insurance, repairs, and hold the Husband CT Page 1830-be harmless in regards to same.
REAL PROPERTY — HUSBAND'S CONDOMINIUM
The Husband shall retain his condominium, located at 3255 #4 Madison Avenue, Bridgeport, Connecticut, free and clear of any claim by the wife.
PERSONAL PROPERTY
The Husband shall remove the following items from the martial home: the entire dining room set and he poster bed (said items having belonged to the Husband prior to the marriage). The Husband shall remove said items within 30 days of the date of this decree, giving the Wife 24 hours notice of his intent to do so. The Wife shall retain all the remaining items in the former martial home.
DIVISION OF DEBTS
The Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
STOCKS — VESTED AND NON VESTED — HUSBAND
The Husband shall retain all of his stocks; stock options, vested and non vested, free and clear of any claim by the Wife.
PENSIONS, IRA ACCOUNTS, CHECKING AND SAVINGS ACCOUNTS
Each party shall retain their own pensions, IRA account, 401K accounts, checking and savings accounts, deferred savings accounts and retirement accounts, as listed on their respective financial affidavits, free and clear of any claim by the other.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
MOTOR VEHICLES
Each party shall be entitled to their respective motor vehicles, free and clear of any claim by the other. CT Page 1830-bf
MISCELLANEOUS
Each party shall sign any necessary documents to the orders contained herein.